UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>              *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>              *Defendant.* | Case No. 19-cv-877 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

1

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Legal Counsel (OLC) is a component of DOJ. DOJ has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On January 14, 2019, in the midst of DOJ's lapse in federal appropriations, OLC published a legal opinion reversing its 2011 position "that the prohibitions of the Wire Act in 18 U.S.C. § 1084(a) are limited to sports gambling."

8. American Oversight filed a series of FOIA requests seeking records to shed light on whether and to what extent outside interests influenced OLC's about-face on a published opinion that was just seven years old.

*Outside Communications FOIA*

9. On January 16, 2019, American Oversight submitted a FOIA request to OLC seeking access to the following records:

> All communications regarding the interpretation (or reinterpretation) of the Wire Act or suggesting or requesting review or reconsideration of OLC's 2011 opinion regarding the Wire Act prepared by or communicated with anyone outside of the federal government (that is, where anyone outside the federal government sent, received, or was copied on the communication).
>
> For any responsive information contained in or attached to an email, this request seeks the entire email chain—that is, the request includes all prior and subsequent messages (whether incoming or outgoing) reflected in the responsive correspondence for which any party outside OLC is a recipient, sender, or is copied on the correspondence, as well as any attachments thereto.

10. American Oversight requested all responsive records from January 20, 2017, to January 16, 2019.

11. OLC assigned the Outside Communications FOIA tracking number FY19-70.

*Forwarded Communications FOIA*

12. On January 16, 2019, American Oversight submitted a FOIA request to OLC seeking access to the following records:

> All records that reflect or contain any discussion regarding the interpretation (or reinterpretation) of the Wire Act or a request for or suggestion of any review or reconsideration of OLC's 2011 opinion regarding the Wire Act prepared by or communicated with anyone outside the federal government and forwarded by any government official to OLC.
>
> For any responsive information contained in or attached to an email, this request seeks the entire email chain—that is, the request includes all prior and subsequent messages (whether incoming or outgoing) reflected in the responsive correspondence for which any party outside OLC is a recipient, sender, or is copied on the correspondence, as well as any attachments thereto.

13. American Oversight requested all responsive records from January 20, 2017, to January 16, 2019.

14. OLC assigned the Forwarded Communications FOIA tracking number FY19-071.

*White House Communications FOIA*

15. On January 16, 2019, American Oversight submitted a FOIA request to OLC seeking access to the following records:

> All records reflecting communications with the White House regarding the interpretation (or reinterpretation) of the Wire Act or a request for or suggestion of any review or reconsideration of OLC's 2011 opinion regarding the Wire Act. This request seeks both records where OLC is a party to, recipient of, sender of, or is copied on communications with the White House, and records reflecting communications between others and the White House that are subsequently described or forwarded to OLC.
>
> For any responsive information contained in or attached to an email, this request seeks the entire email chain—that is, the request includes all prior and subsequent messages (whether incoming or outgoing) reflected in the responsive correspondence for which any party outside OLC is a recipient, sender, or is copied on the correspondence, as well as any attachments thereto.

16. American Oversight requested all responsive records from January 20, 2017, to January 16, 2019.

17. OLC assigned the White House Communications FOIA tracking number FY19-072.

*Calendars FOIA*

18. On January 16, 2019, American Oversight submitted a FOIA request to OLC seeking access to the following records:

> All calendars or calendar entries for all political appointees* in OLC for or reflecting any meeting with any person outside OLC relating to the interpretation (or reinterpretation) of the Wire Act, including

any calendars maintained on behalf of these individuals, from January 20, 2017, to the date of this request.

For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these individuals allocate their time on agency business.

*"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

19. OLC assigned the Calendars FOIA tracking number FY19-73.

*Exhaustion of Administrative Remedies*

20. As of the date of this complaint, DOJ has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records DOJ intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

21. Through DOJ's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

22. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23. American Oversight properly requested records within the possession, custody, and control of DOJ.

24. DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

25. DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

26. DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

27. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of DOJ.

30. DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

31. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

32. DOJ is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

33. DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

34. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 27, 2019

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*